UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JAN 13 P 3:26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. |
| | ) | |
| v. | ) | 18 U.S.C. § 1503(a)  SO. DIST. OF GA. |
| | ) | **Corruptly Influencing Due** |
| WIHLY HARPO-BROWN | ) | **Administration of Justice** |

THE GRAND JURY CHARGES THAT:       C R 1 2 1 - 0 0 2

## INTRODUCTION

At all times relevant to this Indictment:

1.    Wihly Harpo-Brown was the *pro se* plaintiff in three civil matters

pending in the United States District Court, Augusta Division. These civil matters

were *Wihly Harpo-Brown v. Daniel J. Craig, et al.*, 1:20-cv-137, filed on September

30, 2020; *Wihly Harpo-Brown v. Lynn Bailey, et al.,* 1:20-cv-161, filed on November

17, 2020; and *Wihly Harpo-Brown v. Intermark Management Corporation, et al,*

1:20-cv-176, filed on December 4, 2020.

2.    On September 30, 2020, Harpo-Brown initiated *Wihly Harpo-Brown v.*

*Daniel J. Craig, et al.*, 1:20-cv-137, by filing a fifteen-page complaint with more

than eighty pages of exhibits attached, naming at least thirty-five Defendants. On

October 7, 2020, Harpo-Brown submitted a 10-page supplement to his complaint

requesting additional relief.

3.    On November 20, 2020, the United States Magistrate Judge assigned

to the case entered an Order finding that the complaint is "the quintessential

shotgun pleading that has been soundly condemned by the Eleventh Circuit Court

of Appeals." Harpo-Brown was ordered to submit an amended complaint that complies with the requirements of Federal Rule 8 within fourteen days of the date of the Order and was warned that failure to do so may result in a recommendation of dismissal of his case.

4.     By Order dated November 25, 2020, the Magistrate Judge found that attempts by Harpo-Brown to serve process on any Defendant was premature and Ordered Harpo-Brown to cease all attempts to serve any defendant until further instruction by the Court.

5.     On December 7, 2020, Harpo-Brown filed what was styled "Motion for Additional Time to Amend Complaint & Motion to Set Aside All Orders as Void & Motion for Recusal, etc.," in each of the three civil matters described in paragraph 1 above.

6.     In his motions, Harpo-Brown disclosed the first name of the wife of the presiding Magistrate Judge and the neighborhood in which the Magistrate Judge resided. Harpo-Brown falsely averred that "[d]ue to Plaintiff's past intimate association with (Magistrate Judge) Plaintiff holds intimate details of (Magistrate Judge's) personal life that are salacious and presumably NOT desired for embarrassing public consumption that is about to occur, some of which would warrant (Magistrate Judge) being booted from the bench; morally censured; and legally prosecuted." Harpo-Brown also asserted "his absolute intent to completely

disregard" the Court's Order and demanded that the Magistrate Judge recuse himself from all of Harpo-Brown's pending matters.

## COUNT ONE
*Corruptly Influencing Due Administration of Justice*
18 U.S.C. § 1503

7.     Paragraphs 1 through 6 of the Introduction section of this Indictment are re-alleged and incorporated fully herein by reference.

8.     On or about the 7th day of December, 2020, in Richmond County, within the Southern District of Georgia, the defendant,

### WIHLY HARPO-BROWN,

did corruptly influence, obstruct, and impede and endeavor to influence, obstruct and impede the due administration of justice in three civil matters pending in the Augusta Division of the United States District Court for the Southern District of Georgia, by filing in each of said civil matters a pleading designed to force the Magistrate Judge presiding over said civil matters to recuse himself by threatening to expose salacious matters concerning the presiding judicial officer, which the defendant knew to be untrue, and by expressing defendant's "absolute intent to completely disregard" the Court's Orders, in violation of Title 18, United States Code, Section 1503.

3

A True Bill.

_____
Foreperson

David Estes
First Assistant United States Attorney

Karl Knoche*
Assistant United States Attorney

Patricia G. Rhodes*
Assistant United States Attorney

*Co-lead Counsel

4