IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 1:21-cr-2 (MTT) |
| ) | |
| WIHLY HARPO-BROWN, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant Wihly Harpo-Brown filed a "Motion to Dismiss Indictment Per Abuse & (Tentative) Motion for Continuance of Trial Per Abuse (Consolidated) & Motion for Criminal Inquiry of Prosecutorial and Judicial Misconduct Per 18 U.S.C. § 1957 (Consolidated)." Doc. 61. The Court denied the motion to continue, and on Monday, July 26, it convened a hearing on the remaining motions. Docs. 62; 66.

Harpo-Brown's written motion, which consisted of a typed pleading from one of his civil cases with a few handwritten additions, did not allege any prosecutorial abuse or identify any grounds for dismissing the indictment. Doc. 61 at 1-2. At the hearing, Harpo-Brown alleged, in conclusory fashion, that the Government's prosecution stemmed from a complex conspiracy involving the prosecutors, state and federal judges, and former landlords of Harpo-Brown's in Atlanta and Augusta. But Harpo-Brown has not produced clear evidence—or any evidence at all—that similarly situated individuals who engaged in the same or similar conduct were not prosecuted or that the prosecution had an improper motive. *See United States v. Smith*, 231 F.3d 800, 807-08 (11th Cir. 2000) (discussing selective prosecution). Nor has he produced any evidence that the Government's prosecution was motivated by vindictive animus or of sufficient

facts to create a presumption of vindictiveness.  *See Jordan v. Epps*, 756 F.3d 395, 406 (5th Cir. 2014); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007).  To the contrary, as the Government argued, they prosecuted Harpo-Brown because he attempted to obstruct justice by threatening a federal judge.

To the extent Harpo-Brown also moved "for Criminal Inquiry of Prosecutorial and Judicial Misconduct Per 18 U.S.C. § 1957," he did not state the grounds for that motion in his written document or at the hearing.  In any event, the Court has not seen any evidence of a violation of the statute Harpo-Brown cites or of any other prosecutorial or judicial misconduct related to Harpo-Brown.  For those reasons, his motions to dismiss the indictment and to investigate prosecutorial and judicial misconduct (Doc. 61) are **DENIED**.

**SO ORDERED**, this 6th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
*Sitting by Designation*