IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 1:21-cr-2 (MTT) |
| ) | |
| WIHLY HARPO-BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ORDER

Before the Court is Defendant Wihly Harpo-Brown's motion to proceed *in forma pauperis* which the Court takes as a motion to proceed pro se and, upon judgment, to appeal *in forma pauperis*.  Doc. 105.  The constitutional right to self-representation terminates once a criminal defendant's trial is complete.  *Martinez v. Ct. of Appeal of California, Fourth App. Dist.*, 528 U.S. 152, 154 (2000) ("our specific holding [in *Faretta v. California*, 422 U.S. 806 (1975)] was confined to the right to defend oneself at trial"); *see also Brinson v. Bryson*, 2015 WL 9275670, at *10 (S.D. Ga. Dec. 18, 2015), *report and recommendation adopted,* 2016 WL 337146 (S.D. Ga. Jan. 27, 2016) ("there is no right to self-representation post-trial, thus any claim that [defendant] was denied a constitutional right to proceed pro se is without merit.").  The *Martinez* Court noted "[t]he status of the accused defendant, who retains a presumption of innocence throughout the trial process, changes dramatically when a jury returns a guilty verdict."  528 U.S. at 162.  "Considering the change in position from defendant to appellant, the autonomy interests that survive a felony conviction are less compelling … [y]et the overriding state interest in the fair and efficient administration of justice remains as strong as at the trial level."  *Id.* at 163.  Thus, while "Courts, of course, may still exercise their discretion to

allow a lay person to proceed pro se," they are under no constitutional obligation to do so once the trial has concluded.  *Id.*

Based on the above, and Harpo-Brown's acknowledged difficulties in continuing self-representation while incarcerated, the Court is considering appointing Harpo-Brown's standby counsel to represent him outright in all matters moving forward. Harpo-Brown's numerous post-conviction motions illustrate why this may be appropriate.  For example, Harpo-Brown has complained about having insufficient legal materials (Doc. 101), sought subpoenas to challenge the findings of his presentence investigation report ("PSI") (Docs. 94; 104), and sought an extension of time to respond to his PSI because he "can't review material or research fast enough due to jail constraints."  Doc. 102.  Indeed, Harpo-Brown has failed to file his PSI objections within the timeframe ordered by the Court despite the Court granting an extension for him to do so.  Doc. 103.  In short, Harpo-Brown's post-conviction self-representation is potentially contrary to his interests and is having a disruptive effect on the Court.

Accordingly, the parties should be prepared to discuss whether it would be appropriate to appoint Harpo-Brown counsel at this phase of the criminal proceeding at the December 16, 2021 hearing.

**SO ORDERED**, this 6th day of December, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
*Sitting by Designation*