**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:21-cr-2 (MTT)** |
| | ) | |
| **WIHLY HARPO-BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Wihly Harpo-Brown was convicted of one count of corruptly influencing the due administration of justice in violation of 18 U.S.C. § 1503.  Harpo-Brown now moves to "Continue and Stay Sentencing and Certificate of Appeal."  Doc. 112.  For the following reasons, that motion is **DENIED**.

## I. BACKGROUND

Harpo-Brown requested to represent himself following his arraignment.  Doc. 23.  The Court convened a *Faretta* hearing on March 31, 2021, and concluded Harpo-Brown "knowingly, voluntarily, and intelligently waived counsel."  Doc. 36 (citing *Faretta v. California*, 422 U.S. 806 (1975).  Nonetheless, the Court maintained Court-appointed counsel in a standby capacity.  Doc. 36.  The jury returned a guilty verdict on July 29, 2021.  Doc. 73.  The Court subsequently denied Harpo-Brown's motion for judgment of acquittal, or in the alternative, motion for a new trial.  Doc. 116.

Harpo-Brown reiterated his desire to continue self-representation at a pre-sentencing status conference held on December 16, 2021.  Docs. 109 at 1; 118 at 4-10.  Harpo-Brown further stated his decision to do so was "voluntary and unequivocable" in

response to the Court's renewed *Faretta* inquiry.  Doc. 118 at 10.  Following that status conference, the Court set Harpo-Brown's sentencing date for February 9, 2022.

Harpo-Brown now contends a continuance is warranted because (1) he is "awaiting a psychological evaluation needed for presentment at sentencing," (2) he requests "civil relief" to "hire private counsel of choice," (3) he is "awaiting provision of the pretrial transcript … for presentencing review," (4) he is awaiting the Court's decision on Harpo-Brown's interlocutory appeal, (5) he is "awaiting provision of medical care for [a] serious debilitating eye injury," (6) the Government's sentencing recommendation was not received in a timely manner, (7) he has "not yet secured subpoenas for witnesses and records for use at sentencing," and (8) he "has been and remains ill" due to the temperature in the jail.  Doc. 112 at 1-14.  The Government responded in opposition on February 4, 2022.  Doc. 117.

## II. STANDARD

Federal Rule of Criminal Procedure 32(b) requires the Court to "impose sentence without unnecessary delay."  Whether to grant a continuance is left to the sound discretion of the Court.  *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007); *United States v. McClendon*, 379 F. App'x 898, 900 (11th Cir. 2010).  In deciding whether to continue a sentencing hearing, the district court is instructed to consider (1) the time remaining for preparation, (2) the likelihood of prejudice if the motion is denied, (3) the accused's role in shortening the effective preparation time, (4) the case's complexity, and (5) the available discovery.  *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007) (citing *United States v. Germany*, 762 F.2d 929, 936 (11th Cir. 1985)).

## III. DISCUSSION

Harpo-Brown advances a litany of reasons why a continuance is warranted. Doc. 112.  Each is without merit, and Harpo-Brown's sentencing will proceed as scheduled.

### 1. Harpo-Brown's Pending Psychological Evaluation

Harpo-Brown contends he is "suffering from anxiety and depression," and thus requires a mental health assessment before he can "competently go to sentencing and would be significantly prejudiced without such an assessment."  Doc. 112 at 2.  "The court shall … order [a hearing to determine mental competency] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a); *see also* 18 U.S.C. § 4244(a).  "Whether [a] defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of [the] trial [including sentencing]."  *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam).

The Government counters that "[t]he record demonstrates that Harpo-Brown was both able to aid in his defense and understand the proceedings against him [and] [t]here is no basis now to doubt his competency at sentencing."  Doc. 117 at 2.  The Court agrees.  Most recently, Harpo-Brown's competency was addressed at his December 16, 2021 post-trial *Faretta* inquiry.  Docs. 109; 118.  During that inquiry, the following exchange occurred between Harpo-Brown and the Court:

> THE DEFENDANT: I would just like to note that I also have requested to receive, um, a mental health evaluation, um, because I've been suffering from anxiety

and stress.  And so, um, I don't believe that that affects my ability to represent myself competently, but it certainly affects my overall wellbeing[.]

. . .

THE COURT: Okay. Well, I will note that. It sounds like that is in process. And I note also your clear statement that you're certain that whatever those conditions may be, they do not affect your ability to represent yourself. Correct?

THE DEFENDANT: Correct, Your Honor.

Doc. 118 at 18.

Harpo-Brown's motion for continuance does not explain how a delayed mental health evaluation would result in "significant[] prejudice[]" at sentencing.  *See* Doc. 112 at 1-2.  Rather, it merely reiterates a concern that has been previously addressed by the Court.  Doc. 118 at 18.  Accordingly, Harpo-Brown's motion on that ground is **DENIED**.

**2. Harpo-Brown's "Civil Relief" to Hire "Counsel of Choice"**

Again, Harpo-Brown has elected to continue to represent himself.  Docs. 109; 118.  But even if he chose to proceed with counsel, an indigent criminal defendant "does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause."  *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir.1985); *United States v. Garey*, 540 F.3d 1253, 1263-64 (11th Cir. 2008) ("In practical terms, then, defendants who lack the means to hire a private attorney must either accept the counsel appointed to represent them or represent themselves.").  Of course, Harpo-Brown can hire counsel with his own funds, which appears to be the point he now makes.  But, as he acknowledges, he does not have means to hire counsel.  While Harpo-Brown maintains his civil cases will one day yield profit, that remote prospect is not grounds for continuance.  Accordingly, Harpo-Brown's motion for continuance on that ground is **DENIED**.

### 3. Harpo-Brown's Pretrial Transcript Request

Harpo-Brown next "asserts the urgent need to obtain and review" the pretrial transcript from January 6, 2021 "to prepare for the sentencing proceeding and cannot proceed safely without the same."  Doc. 112 at 8.  Harpo-Brown contends that transcript contains "exculpatory information" that he is due under *Brady v. Maryland*, 373 U.S. 83, 87 (1964).  But once again, this has been covered.  As the Court articulated when denying Harpo-Brown's motion for judgment of acquittal, or in the alternative, a new trial, "the Government timely disclosed all discoverable material both on the record and at pretrial hearings."  Doc. 116 at 13 (citing Docs. 45; 56; 60; 63).  Moreover, the Government notes Harpo-Brown made "no showing of the relevance or materiality of this transcript, which he could have ordered, and so this provides no basis for continuing sentencing."  Doc. 117 at 3.  The Court agrees.  Harpo-Brown's eleventh-hour request is merely an attempt to delay the inevitable.[1]  Harpo-Brown's motion on that ground is **DENIED**.

### 4. Harpo-Brown's Interlocutory Appeal

Harpo-Brown further claims a continuance is warranted because he is "awaiting the Court's formal decision" on his "Request for Written Order Granting a Certificate of Appealability[.]"  Doc. 112 at 8.  Harpo Brown made no such request.  As best the Court can tell, the only pending motion before the Court that possibly pertains to Harpo-

---

[1] The January 6, 2021 transcript at issue concerns a preliminary hearing at which a Magistrate Judge found probable cause existed.  4:20-mj-116, Doc. 18. The docket does not reflect that a transcript of the January 6, 2021 hearing was prepared or requested by any party.  In any event, Harpo-Brown was aware of how to request the transcript (Doc. 96 at 30), and the fact that he failed to do so in a timely manner does not justify a continuance.  With regard to Harpo-Brown's "request for presentencing provision of transcripts," that motion (Doc. 115) requested a transcript of the January 6, 2021 hearing and a transcript of the December 16, 2021 status conference.   That motion (Doc. 115) is **GRANTED**.  The December 16, 2021 transcript has been filed.  Doc. 118.  A transcript of the January 6, 2021 hearing will be provided as soon as it becomes available.

Brown's appeal is his motion to proceed *in forma pauperis* on appeal, which the Court interpreted to be a motion to proceed *in forma pauperis* once final judgment was entered.  Doc. 106.  That document says nothing about an interlocutory appeal.  If Harpo Brown had requested a "certificate of appealability" it would have been denied.

To be appealable, the judgment or order must be "final."  *See* 28 U.S.C. 1291; *see also Flanagan v. United States*, 465 U.S. 259, 263 (1984).  In criminal cases, the "final" order is the judgment of sentence.  *Flanagan*, 465 U.S. at 263; *see also United States v. Curry*, 760 F.2d 1079, 1079-80 (11th Cir. 1985) ("In a criminal case the final judgment means the sentence." (citing *Berman v. United States*, 302 U.S. 211, 212-13 (1937)).  Subject to few exceptions that are inapplicable here, Court orders denying motions to dismiss are not "final" orders allowing for an interlocutory appeal.  *See, e.g., United States v. Brown*, 994 F.3d 147, 151 (3d Cir. 2021) ("Denials of motions to dismiss indictments are typically not final judgments [.]"); *United States v. Soriano Nunez*, 928 F.3d 240, 243 (3d Cir. 2019) ("Generally, our jurisdiction is limited to final judgment.").

In this case, Harpo-Brown's motion that serves as the basis for his attempted interlocutory appeal "did not allege any prosecutorial abuse or identify any grounds for dismissing the indictment" that would allow appeal prior to the judgment of sentence.  Doc. 75.  "At the [pretrial] hearing [on that motion], Harpo-Brown alleged, in conclusory fashion, that the Government's prosecution stemmed from a complex conspiracy involving the prosecutors, state and federal judges, and former landlords of Harpo-Brown's in Atlanta and Augusta."  *Id.*  But as the Court recently noted in its order denying Harpo-Brown's motion for a judgment of acquittal, or in the alternative, a new

trial, Harpo-Brown has "not produced any evidence 'that similarly situated individuals who engaged in the same or similar conduct' were not prosecuted, or that the Government had an improper motive for prosecuting him."  Doc. 116 at 9 (citing Doc. 75).  Even if he did, such vindictive prosecution is not immediately appealable under the collateral order doctrine.  *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (citing *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264 (1982)). Accordingly, Harpo-Brown's motion to proceed *in forma pauperis* (Doc. 105) is **DENIED** as premature but may be renewed upon conclusion of sentencing.  Because Harpo-Brown's appeal is premature, his motion for continuance pending the resolution of his appeal is **DENIED**.

### 5. Harpo-Brown's Eye Injury

Harpo-Brown next asserts he has not received adequate treatment for his eye injury.  Doc. 112 at 10-11.  The Court addressed this matter at the December 16, 2021 status conference.  Doc. 118 at 15-18.   At that conference, Harpo-Brown alleged that despite many "substantial requests, there has been no effort to secure any treatment," and that such lack of treatment  has caused "further damage to my right eye to the point where my vision has not improved, and I continue to be in pain."  *Id.* at 15 (cleaned up). In response to Harpo-Brown's concern, the Court instructed the United States Marshals Service to specifically look into Harpo-Brown's requests for treatment concerning his eye "just to be sure that there's nothing that should be in the pipeline that's not or something that should be happening that is not happening."  *Id.* at 17.  Harpo-Brown's most recent reiteration of this grievance does not justify a continuance and his motion on that ground is **DENIED**.

**6. Harpo-Brown's Sentencing Recommendation**

Harpo-Brown maintains a continuance is warranted because he "received the Government's sentencing recommendation belatedly." Doc. 112 at 11. This is simply not the case. The December 16, 2021 status conference extensively discussed Harpo-Brown's objections to the Government's preliminary sentencing report, a copy of which was provided to Harpo-Brown in a timely fashion. Docs. 90; 118 at 22-45. At that status conference, the Court addressed each of Harpo-Brown's objections (Doc. 118 at 22-45), and subsequently ordered the Government to enumerate the conduct or statements that the Government contended warranted the adjustment for obstruction of justice. *Id.* at 26. The Government provided this information to the Court as requested (Doc. 110), and it appears to be this document that serves as the basis for Harpo-Brown's motion for continuance. As such, the Court agrees with the Government's contention that "[t]o the extent [Harpo-Brown] wishes to make a further response to the Government's positions, he will have the opportunity to do so at his sentencing hearing." Doc. 117 at 9. Accordingly, Harpo-Brown's motion for continuance on that ground is **DENIED**.

**7. Harpo-Brown's Witness Subpoenas**

Harpo-Brown next asserts a continuance is required because he has "not yet secured subpoenas for witnesses and records for use at sentencing." Doc. 112 at 12. In the Court's view, this matter was well settled after the painstaking recitation of Harpo-Brown's objections to his presentence report at the December 16, 2021 hearing. Doc. 118 at 22-45. Given that understanding, the Court previously dismissed as moot Harpo-Brown's outstanding motion for subpoenas (Doc. 94) in the Court's order on Harpo-

Brown's motion for judgment of acquittal, or in the alternative, motion for a new trial.
Doc. 116 at 3 n. 5.  Apparently, Harpo-Brown disagrees.

Federal Rule of Criminal Procedure 17 "leaves broad discretion in the district
court by allowing the trial judge to weigh numerous factors, including materiality,
relevancy, and competency, in deciding whether to grant the request for a subpoena."
*United States v. Robinson*, 445 F. App'x 238, 244 (11th Cir. 2011) (citing *United States
v. Johnson*, 495 F.2d 1097, 1102 (5th Cir.1974)).  An indigent defendant does not have
an absolute right to subpoena witnesses at the government's expense.  *United States v.
Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990).  A "[d]istrict court may properly refuse to
issue subpoena compelling presence of defendant's witness when defendant fails to set
forth expected testimony of witness, when witness would offer only cumulative
testimony, when defendant fails to make satisfactory showing of necessity, when
defendant's request is untimely, or when issuance of subpoena would otherwise
constitute abusive or unreasonable use of process."  *United States v. Pickard*, 278 F.
Supp. 2d 1217, 1247-48 (D. Kan. 2003).  At no point has Harpo-Brown made any
particularized showing as to what he expects to gain from his witness subpoenas.  *See*
Docs. 94; 112.  Without such a showing, Harpo-Brown's motion for continuance on that
ground is **DENIED**.

### 8. Harpo-Brown's Lingering Illness

Finally, Harpo-Brown asserts he "has been and remains ill due to lack of heat
and excessive cold dorm temperature at jail without mitigation."  Doc. 112 at 13.  Harpo-
Brown claims he has been ill for nearly one month, with symptoms beginning shortly
after the December 16, 2021 status conference.  *Id.*  Harpo-Brown has provided no

medical documentation to support his motion for continuance due to illness. Moreover, Harpo-Brown's alleged illness did not preclude him from writing a fifteen-page motion for continuance on the grounds addressed above. *See generally id*. As such, the Court is confident Harpo-Brown's "illness" will not prevent him from adequately representing himself at sentencing and Harpo-Brown's motion for continuance on that ground is **DENIED**.

## IV. CONCLUSION

All good things invariably must come to an end. As discussed, none of the eight grounds for continuance raised in Harpo-Brown's motion have merit. Accordingly, Harpo-Brown will not be prejudiced by appearing at sentencing as scheduled, and his motion for continuance (Doc. 112) is **DENIED**.

**SO ORDERED**, this 7th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
*Sitting by Designation*