IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 1:21-cr-2 (MTT) |
| | ) |
| WIHLY HARPO-BROWN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Wihly Harpo-Brown orally moved for release pending appeal at his sentencing hearing.  Doc. 124.  For the following reasons, that motion is **DENIED**.

## I. BACKGROUND

Harpo-Brown was convicted of one count of corruptly influencing the due administration of justice in violation of 18 U.S.C. § 1503 and subsequently sentenced to 72 months of imprisonment followed by three years of supervised release on February 9, 2022.  Docs. 73; 124.  During his sentencing, Harpo-Brown notified the Court of his intent to appeal his final judgment of conviction and sentence and orally moved for a bond in lieu of beginning his jail sentence while his appeal is pending.  The Court denied that request, and Harpo-Brown requested a written order on that denial.  The Court obliges.

## II. STANDARD

Pursuant to 18 U.S.C. § 3143, a district court may grant bail pending appeal if certain conditions are met.  In *United States v. Giancola*, the Eleventh Circuit adopted a four-factor standard for determining whether bail pending appeal is appropriate.  754 F.2d 898, 901 (11th Cir. 1985).  Under that standard, the Court must determine: (1) that

the defendant is not likely to flee or pose a danger to the safety of any other person or the community; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is resolved in favor of the defendant, that decision would result in a reversal or an order for a new trial on the counts in which imprisonment has been imposed.  *Id*.  A substantial question "is a 'close' question or one that very well could be decided the other way."  *Id*.  Further, the convicted defendant has the burden of proving these factors by clear and convincing evidence, and the defendant's conviction is presumed to be correct.  *United States v. Fenwick*, 2007 WL 4592241, at *1 (N.D. Fla. 2007).

### III. DISCUSSION

At sentencing, Harpo-Brown offered few arguments in support of his oral motion for release pending appeal.  Nonetheless, the Court will address each condition in turn.  The Court finds that Harpo-Brown is neither a flight risk nor a danger to members of the community.  Nor can the Court conclude that Harpo-Brown's pending appeal was made for the purpose of delay.  However, Harpo-Brown has failed to raise "substantial questions" of law or fact.  In his oral motion for bond, Harpo-Brown points to several issues he intends to raise on appeal, which he believes are "substantial questions;" but, these issues are essentially every issue he raised in his pretrial and posttrial motions.  Docs. 61; 77; 112.  As discussed in the Court's denial of Harpo-Brown's motion for a judgment of acquittal, or in the alternative, a new trial, overwhelming evidence supports Harpo-Brown's conviction.  Doc. 116 at 10-12.  Harpo-Brown's other asserted grounds for relief in that motion were similarly baseless.  *See generally id*.  Thus, while Harpo-Brown certainly has good faith reasons to pursue his appeal, he has not demonstrated

that these issues present "'close question[s]' or [questions] that very well could be decided the other way." *Giancola*, 754 F.2d at 901.

### IV. CONCLUSION

For the reasons discussed above, Harpo-Brown's oral motion for release pending appeal is **DENIED**.

**SO ORDERED**, this 14th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
*Sitting by Designation*
